Richard Lee Foster
(Name)
P.O. Box 799002
(Address)
San Diego, CA 92179-9002
(City, State, Zip)
E-67301
(CDC Inmate No.)

2354        1983
FILING FEE PAID
Yes ___  No ✓
IFP MOTION FILED
Yes ✓  No ___
COPIES SENT TO
Court ✓  ProSe ___

**FILED**

MAR 2 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

Richard Lee Foster,
(Enter full name of plaintiff in this action.)

                Plaintiff,

  v.

Sergeant A. Verkouteren
*NOTE: Appeals Coordinator
had refused to disclose
Verkouteren's full name.
(Enter full name of each defendant in this action.)

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'08 CV 0554 DMS CAB

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, **Richard Lee**
(print Plaintiff's name)
**Foster**_____, who presently resides at **P.O. Box 799002**
(mailing address or place of confinement)
**San Diego, CA 92179-9002**_____, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at **Richard J.**
**Donovan Correctional Facility** on (dates) **8-25-07**, **8-25-07**, and _____.
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form
(Rev. 4/06)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant **A. Verkouteren** resides in **San Diego County**,
(name)                                                                          (County of residence)
and is employed as a **Correctional Sergeant**. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **Sergeant A. Verkouteren had committed two felony counts of Battery on me.**

_____

Defendant _____ resides in _____,
(name)                                                                          (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
(name)                                                                          (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
(name)                                                                          (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: **freedom from cruel and unusual punishment**

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On August 25, 2007 at approximately 19:50 hours an incident had occurred at Richard J. Donovan Correctional Facility at Facility 3, building 13. I had been instucted by sergeant A. Verkouteren to take it to my cell and lock up; while taking a new cellmate. I had refused to do so, stating that I was feeling stressed out, and didn't want to program at this institution any longer, and that I wanted to be taken to Administrative Segregation (The Hole). Sergeant A. Verkouteren then said, "The only way you will go to the hole is if you get up and swing on one of the officers or myself". I then said to Verkouteren that I would not swing on any of the officers or him, but that I refuse to go to my cell. Sergeant A. Verkouteren the directed Correctional Officer Williams to cuff me up and they would take/ force me to my cell. I then stood up and took a couple of steps backwards from C/O Williams. Sergeant A. Verkouteren then proceeded to sock me in my facial area approximately four times with closed fist(s). Evidence supports that he had socked me in my chin/jaw one time. After being socked/punched by Verkouteren approximately four times I then from spontaneous reaction had pushed Verkouteren one time away from me in order to ward off the blows which he had been inflicting upon me.

or Jackson?

§ 1983 SD Form (Rev. 4/06)

3

Count 2: The following civil right has been violated: **freedom from cruel and unusual punishment**

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

On August 25, 2007 at approximately 19:50 hours an incident had occurred at Richard J. Donovan Correctional Facility at Facility 3, building 13. I had been instructed by Sergeant A. Verkouteren to take it to my cell and lock up; while taking a new cellmate. I had refused to do so, stating that I was feeling stressed out, and didn't want to program at this institution any longer, and that I wanted to be taken to Administrative Segregation (The Hole). Sergeant A. Verkouteren then said, "The only way you will go to the hole is if you get up and swing on one of the officers or myself". I then said to Verkouteren that I would not swing on any of the officers or him, but that I refuse to go to my cell. Sergeant A. Verkouteren then directed Correctional officer Williams to cuff me up and they would take/force me to my cell. I then stood up and took a couple of steps backwards from C/O Williams. Sergeant A. Verkouteren then proceeded to sock me in my facial area approximately four times with closed fist(s). Evidence supports that he had socked me in my nose one time. After being socked/punched by Verkouteren approximately four times I then from spontaneous reaction had pushed Verkouteren one time away from me, in order to ward off the blows which he had been inflicting upon me.

*or Jackson?*

§ 1983 SD Form
(Rev 4/06)

4

Count 3:  The following civil right has been violated:_____

(E.g., right to medical care, access to courts,

_____

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

§ 1983 SD Form
(Rev 4/06)

**D.  Previous Lawsuits and Administrative Relief**

1.  Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised: _____

_____

_____

_____

_____

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2.  Have you previously (sought) and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

Sometime early in November of 2007 I had sent an appeal (Log number: RJD-2-07-02225) to the istitutions Appeals Coordinator for SECOND level review/response. This appeal pertained to me seeking to press charges against Sergeant A. Verkouteren for committing two felony counts of Battery on me. With this appeal I had also sub-mitted all incident reports, medical reports of both Verkouteren and myself, and also a Rights and Responsibility Statement. I sent two requests to the Appeals Coordinator to return my appeal and legal documents back to me. The Appeals Coordinator is claiming to have already returned my appeals to me. It had not been made possible for me to exhaust my appeal remedies due to the fact that my appeal and legal documents were never returned to me.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

       1. An injunction preventing defendant(s): *From ever being able to Batter me or any other inmate ever again.*

       2. Damages in the sum of $ ~~5,000.00~~

       3. Punitive damages in the sum of $ *5,000.00* .

       4. Other:_____

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☒ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |
|---|---|---|

**3-20-2008**
Date

*Richard L. Foster*
Signature of Plaintiff

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 2-18-2008 | APPEALS COORDINATOR | FOSTER | E-67301 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| F2-8- | 238L | | FROM          TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| | FROM          TO |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

You have two 602 Appeals of mine that you have
kept for 3 1/2 months — well exceeding time
constraints and thereby violating / denying my
Appeal Rights. One appeal involved me seeking

---

| INTERVIEWED BY | *Do NOT write below this line. If more space is required, write on back.* | DATE 2/20/8 |
|---|---|---|

DISPOSITION

Log # 07-2225 WAS COMPLETED & RETURNED TO
YOU ON 10/9/7. 2 DISCIPLINARY APPEALS WERE RECEIVED AND SCREENED
BACK TO YOU. ONE ON 10/11/7 & ONE ON 10/8/7. NONE OF THESE
APPEALS HAS BEEN RECEIVED BACK IN THIS OFFICE.
    D. Van Buren SSA, I/M APPEALS

---

to press felony charges against Sergeant A.
Verkouteren for committing two counts of
Battery on me on August 25, 2007. I sent
you this Appeal (Log number: RJD-2-07-02225)
to you for Review/Response at the Second Level.
Also, I sent you another 602 Appeal on or about
the same time as this first Appeal. It pertained
to the same issue — only that I was appeal the
disposition of a 115.
I had sent you a Request For INTERVIEW Appro-
ximately two months ago requesting that you send
my appeals back to me. My request has been
ignored. I am preparing to file legal docum-
entation to the Court on Sergeant A. Verkouteren
with or without your cooperation. You can explain your
oruptive behavior to the Court. I need Sgt. Verkouteren's full name

TO: APPEALS COORDINATOR

FROM: Richard Lee Foster

Date: 2-26-2008 CDC# E-67301

FOUR months ago I had sent two appeals (602's) to your offices

My first appeal has a Log number RJD-2-07-02225 I had sent you this appeal for SECOND level review/ response.

My second appeal had no Log number. I had sent the appeal to you to have you Log number it. This appeal pertained to me appealing the disposition of a 115 with the findings of GUILTY of Battery on a Peace Officer.

Neither of my two appeals have been returned to me. The last I saw of them was four months ago when I had sent them to you. I want my appeals returned to me A.S.A.P.

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                                                ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**P. O. BOX 942883**
**Sacramento, CA  94283-0001**



February 25, 2008

Foster, E67301
F2-8-238L

Dear Mr. Foster:

This is in response to your letter dated December 18, 2007, addressed to The Office of the District Attorney (DA). The DA has forwarded your letter to Robert J. Hernandez, Warden, Richard J. Donovan Correctional Facility. The Warden has asked me to respond on his behalf. In your correspondence you make allegations of staff misconduct.

The correct method for you to express your concerns is via the California Department of Corrections Form 602, Inmate/Parolee Appeal Form. The California Code of Regulations, Title 15, Section 3084.1.(a), Right to Appeal, states: "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

Your original correspondence is being returned to you so that you may follow the appeal process; however, it appears you are already utilizing this process and this may be a duplicate issue.

Should you have any questions regarding this process, please contact your assigned Correctional Counselor I.

Sincerely,

E. FRANKLIN
Appeals Coordinator
Richard J. Donovan Correctional Facility

cc:  Appeals

Dear Sir,

12-18-2007

Hello. I'm writing to you in hopes that you can/will help me with a problem issue here at Richard J. Donovan Correctional Facility.

On 8-25-2007 at approximately 19:50 hours an incident occurred in Building 13 which involved a Sgt. A. Verkouteren, other officers, and myself.

I had been instructed by floor staff in 13 to take it back to my cell an lock it up after I had refused to do so.

One of the floor officers then called and contacted sergeant A. Verkouteren, who then came to the building. Upon entering Building 13 I at the time was sitting down at one of the tables in the center of the dayroom next to the C/O's podium.

When Sgt. Verkouteren asked me why I was refusing to take the new cellmate and lock up I told him that I was feeling stressed out and that I didn't want to program on the yard any longer. I had also told him that I wanted to go to the "hole".

Sergeant Verkouteren then told me that I would not be going to the hole and that the only way that I would go to the hole is if I would get up and swing on one of his officers, or himself.

page 1

I then told Sgt. Verkouteren that I would not swing on him or any of the officers, but that I refuse to go back to my assigned cell and lock up (taking a new cellmate).

Sergeant Verkouteren then told one of the officers to cuff me up and they would then take me to my assigned cell. They were going to put hands on me and force me to the cell.

I then stood up and took a couple of steps backwards away from the c/o who was holding the cuffs at me.

The very next thing that had happened was that Sergeant A. Verkouteren began hitting me in my facial area with closed fist (s). He had socked me approximately 4 times that I can recall, but evidence only supports two of those times.

I then in a spontaneous reaction had pushed Sgt. Verkouteren on the upper part of his chest in order to ward off the blows that he was inflicting on me.

The next thing that happened was the c/o's that had been standing behind me had rushed me and attacked / tackled me down to the ground.

I was then escorted to the Facility

page 2

Program Office there Sergeant Verkouteren had kicked my feet in order to get my legs spread apart. He then tightened my handcuffs really tight, and then he had disrespected me by pulling up my boxers really tight in my crotch.

I am very upset that the other officers who were in Building 13 had just stood and watched while Sgt. Verkouteren was **battering** me.

I was then escorted by the two c/o's holding me ( C/o's Strong and Jackson) to the outside area of the Program Office. Once there I had seen through the window a few times Sgt. Verkouteren walking around in the Office and talking to other staff.

After about 45 minutes had passed Sergeant Verkouteren and two female officers ( Pudilla and Salceda) had come walking around the corner. The two female c/o's were to relieve the two male officers so that they could go write there reports.

I'm going to omitt little details for now.

I was then escorted into the Facilitys Medical Office to have a 7219 medical evaluation done. Sergeant Verkouteren had already

page 3

verbally admitted to the two Mule Creek officers that he had socked me on my jaw with a closed fist.

After the medical evaluation had been completed I was then escorted by Pudilla and Salceda back to the outside wall/window of the Program Office.

After about 15 minutes had passed Sgt. Verkouteren had again came walking around the corner. This time he was by himself and didn't say anything. He only came to me and stood for a moment and stared at my face. He the left through the Plaza gate and I saw him no more. All in all from the time that he had first arrived at the Program Office until he had left through the Plaza gate was appro. one hour and fifteen minutes.

I was then escorted into ~~the~~ the Lieutenants Office and interviewed by Lieutenant Smith. In the interview I had told Lt. Smith that Sgt. Verkouteren had hit me about 4 or 5 times with his closed fist (s) and that he even admitted to socking me on my jaw to other officers

Towards the end of the interview I was feeling an itchy feeling on the left side of my

page 4

nose.

I was in handcuffs, so I couldn't rub my nose with my hand, so I had bent my head down and rubbed my nose on my pant leg at the knee area. I felt some minor pain on the underneath part of my nose. I had also noticed then that I had rubbed some dried blood from my nose off onto my pant leg. Then I looked and seen 3 small blood marks on my shirt. Correctional Officer Salceda, the female officer who was standing next to me had also witnesses the dried blood on my pant leg, and also the blood spots on my shirt.

I was then escorted to the main medical hospital at the prison which is located in the Plaza area. I was escorted by a male c/o. I don't know his name — only that he was Hispanic.

Once at the hospital a medical evaluation Flow Sheet had been done. Also while I was there I got the opportunity to look at myself in a mirror. I saw that I had dried blood inside my left nostril. I alerted the escort officer and the evaluating physician and they too had saw the dried blood.

Anyway — moving further on. I was taken to AD-SEG and later I had received paperwork

page 5

that said that I was being accused of Battery on Sergeant A. Verkouteren.

I had file an appeal - LOG NUMBER RJD-2-07-02225. The appeal issue was that I am wishing to press charges against Sergeant A. Verkouteren on two counts of Battery. One count for socking me on my jaw with his closed fist. And the second count for socking my on my nose with his closed fist. Later I had included a signed and dated Rights and Responsibility Statement as shown in section 3391 (d) of the TITLE 15 handbook - page 50.

Later I had then went and appeared at a 115 Disciplinary Hearing in front of Senior Hearing Officer Lt. Pederson. He had found me GUILTY OF Battery on Sergeant A. Verkouteren. He had based his preponderance of evidence upon the written statements of Sgt. Verkouteren and other officers whom Sgt. Verkouteren was able to get to lie for him.

It is common practice in CDC for Correctional officers and other staff to lie for themselves and other officers and staff in there reports in order to get out of court cases or Law Suits.

Sergeant A. Verkouteren made three

claims in his report in reference to me swinging on him with closed fist(s). Yet on my 7219 medical report there are __no__ injury's or marks on either of my two hands to substantiate any of his claims. Nor are there any injury's or marks on Sergeant Verkouteren's 7219 medical report to substantiate any of his claims that I had swung at him, or hit him. The only injury on Sergeant Verkouteren's 7219 medical Evaluation report indicates a bruised and swollen right hand; which he himself had admitted using to sock me on my jaw. Why didn't he also admit to socking me on my nose??

      Sergeant Verkouteren was also able to get the other officers that were at the incident to lie for him in there reports by saying that I had taken a first initial swing at Sgt. Verkouteren. They did so in order to me look like an/the initial aggressor which would then excuse and justify sergeants Verkouteren's actions for hitting me. One officer claims in his report that I had taken a swing at Sgt. Verkouteren's facial area. Another C/O claimed that I had taken a swing at Sgt. Verkouteren's chest. Which officer is telling the truth? Neither. They are both lying.

      What the correctional officers who

page 7

Case 2:08-cv-00551-RJS-CAB Document 1 Filed 03/24/2008 Page 18 of 26

had chosen to take a corrupt role in deciding to lie for sergeant A. Verkouteren had failed to take into consideration was the Physical Evidence aspect. There is absolutely NO Physical Evidence to substantiate any of there claims that I had swung at or had hit Sergeant A. Verkouteren. Our court system is based upon preponderance of evidence which in turn is based upon facts. Verbal/written lies are not preponderance of evidence or facts. They are only what they are — lies! For this is why our Judicial system has ferinsic evidence specialists and rely's upon Physical Evidence and Medical reports is so that judges and jurers can discover what is Truth, and what is Lie.

  If there were any Physical Evidence on either mine or Verkouteren's medical reports to substahtiate any claims that were made against me that I had swung at or hit sergeant Verkouteren then Sergeant Verkouteren and the other officers would have preponderance of evidence / Facts / Truth. But because they provide NO physical evidence to support there claims, they have only lies, and there whole case is based upon nothing more than Lies.

Here is one other thing to consider & think about. Sergeant Verkouteren was the very first to write an Incident/Crime Report. In his report he had used an expression which I in my 40 years of life had never heard before. He said that I had taken a Bladed stance. Two other officers (I think Jackson and Williams) had also used that same expression. Is that just a threesome coincidence??

I was found GUILTY OF BATTERY ON A PEACE OFFICER and was assessed a SHU term of 12 months. Yet I was the only one who had been battered/hit at least twice in what true evidence substantiates.

I am trapped in a web of corruption here at RJD Correctional Facility. I am receiving no justice — only lies and deception from staff.

Other than my appeal that I had filed wishing to bring charges against Verkouteren on 2 counts of Battery Log number RJD-2-07-02225 I had also sent another appeal to the APPEALS COODINATOR regarding the disposition of the 115 I had received for Battery on a Peace Officer. I sent this appeal to have it Log numbered.

It usually takes one week to receive a LOG NUMBER on an appeal. The Appeals Coordinator has held my appeal for the disp. now for 7 weeks without issuing me a LOG NUMBER. The Appeals Coordinator has this appeal along with my final copy of the Disposition 115. I have sent in the past an Inmate Request for Interview inquiring this appeal and why I have not received a Log number. I have been ignored.

The Appeals Coordinator also has and has held my first Appeal LOG NUMBER RJD-2-07-02225 for 7 or so weeks. I have also sent a Request For Interview inquiring into this appeal. Again I have been ignored.

My appeals rights are blatantly being violated and denied me. I have no other choice but to appeal this case to you as the higher authority to intervene, because I have not and am not receiving any justice at this prison. The Appeals Coordinator has <u>all</u> my copies of legal paperwork of both appeals pertaining to this case and has well exceeded time constraints on both and is ignoring me and my appeals in there processing and informing me.

Please help me if you will/can. Thank you very much for your time and consideration.

sincerely,
Richard L. Foster

page 10

Attachment E    2/21/06

State of California                                         Department of Corrections and Rehabilitation

# Memorandum

Date    :    September 30, 2007.

To    :    R. Foster, E-67301
            RJ. DONOVAN, F2-8-238L

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # RJD-2-07-2225**

**APPEAL ISSUE:**   Inmate Foster, you claim that on August 25, 2007, Sgt. Verkouteren assaulted you. You want to file criminal charges.

**DETERMINATION OF ISSUE:**  A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐    REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You denied being interviewed on September 30, 2007 by Lt. E. Garza. Therefore no statement was collected. Due to the seriousness of your claims made during your appeal, an inquiry into your claims will be completed.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.   Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____   _____   _____
Warden/CDW/HCM (Second Level)   AW/Med. Mgr. (First Level)   Date

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

AUG 31 2007
RICHARD J. DONOVAN CORR. FAC.
APPEALS

Location: _____

Institution/Parole Region   RJD

Log No.
1. 07-2225
2. _____

Category
1.
5C

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Richard L. Foster | NUMBER E-67301 | ASSIGNMENT Unassigned | UNIT/ROOM NUMBER F2-8-238L |
|---|---|---|---|

**A. Describe Problem:** On 8-25-2007 at about 1250 hours an incident had occured at R. T. Donovan Prison at Facility 3 in building 13 near the podium in the dayroom. Approximately four Correctional Officers, Sergeant Verkoteren, and myself were involved in the incident. I had refused to go back to my assigned cell, take a new cellmate, and lock-up. Sergeant Verkoteren was then called to the housing unit. Sergeant Verkoteren then asked me what my problem was.

If you need more space, attach one additional sheet. (602 Continued on additional sheet)

**B. Action Requested:** No staff working for CDC is above the law. This is a criminal case which needs to be addressed in a real court of law. Sergeant A. Verkoteren has committed the crime of Battery on me and he must be prosecuted for his actions.

Inmate/Parolee Signature: Richard L. Foster          Date Submitted: 8-29-2007

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

07-2225

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _SEP 0 6 2007_    Due Date: _OCT 1 6 2007_

Interviewed by: _____ Z. GARZA _____

SEE ATTACHED

Staff Signature: _____    Title: _I_ T_    Date Completed: _9/30/07_
Division Head Approved:                                    Returned _OCT 0 9 2007_
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

I told Sergeant A. Verkouteren that I would not take anymore celly's, nor would I program anymore on the facility. I told him that I was stressed out and that I wanted to go to the hole. Sergeant A. Verkouteren then told me that the only way that I would go to AD-SEG is if I would get up and swing on him or one of his officers. I was sitting at a table located next to the podium in the dayroom. I then told Sergeant A. Verkouteren that I will not swing on him or any of the CO's, but I refuse to go back to my assigned cell. Sergeant A. Verkouteren then directed officer Jackson to cuff me up, and all the CO's present were going to force me to the cell. I then got up and took a couple of steps backwards from Officer Jackson. Then Sergeant A. Verkouteren began hitting me with closed fists around my face area. I estimate that he hit me 4 to 5 times. I then pushed Sergeant A. Verkouteren on the upper part of his chess so as to ward off the blows which he was inflicting upon me. Then the CO's that were surrounding me attacked me and forced me to the ground where I was then handcuffed. Then I was physically escorted by two officers to the outside side area of the Program Office. While there Sergeant Verkouteren willingly admitted to one of the Officers (Continued)→



JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

MAR 2 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

2354    1983

FILING FEE PAID
Yes        No

HP MOTION FILED
Yes        No

COPIES SENT TO

Court ✓        ProSe

Richard Lee Foster

A. Verkou

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Richard Lee Foster
PO Box 799002
San Diego, CA 92179
E-67301

ATTORNEYS (IF KNOWN)

**'08   CV 0554 DMS CAB**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)         FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC81 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    3/24/2008    SIGNATURE OF ATTORNEY OF RECORD

_R. Miller_