EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
TERRENCE F. SHEEHY, State Bar No. 203986
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2618
 Fax: (619) 645-2581
 Email: Terrence.Sheehy@doj.ca.gov

Attorneys for Defendant A. Verkouteren

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD LEE FOSTER,** | 08-CV-00554 DMS CAB |
| Plaintiff, | **ANSWER** |
| v. | |
| **A. VERKOUTEREN,** | |
| Defendant. | |

Defendant A. Verkouteren (Defendant) answers the Complaint, filed on March 24, 2008 (Doc. No. 1), and admits, denies, and alleges as follows:

**A.**

**JURISDICTION**

1. Defendant acknowledges that Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

//

**B.**

**PARTIES**

2. Defendant admits Plaintiff resides at Richard J. Donovan Correctional Facility as alleged in paragraph B.1 of the Complaint. Defendant denies he violated Plaintiff's civil rights.

3. Defendant admits that Defendant A. Verkouteren is employed by the California Department of Corrections and Rehabilitation at Richard J. Donovan Correctional Facility in San Diego, California. Defendant denies he violated Plaintiff's civil rights or committed two felony counts of battery on Plaintiff as alleged in paragraph B.2 of the Complaint.

**C.**

**CAUSES OF ACTION – COUNT 1**

4. Defendant incorporates paragraphs 1 to 3 as if fully set forth herein.

5. Defendant admits that Plaintiff refused to accept a cell mate on August 25, 2007, at Richard J. Donovan Correctional Facility as alleged in Count 1 of the Complaint.

6. Defendant admits that Plaintiff refused to "lock up" when Defendant instructed Plaintiff to do so on August 25, 2007, at Richard J. Donovan Correctional Facility as alleged in Count 1 of the Complaint.

7. Defendant admits that he ordered Officer Williams to place Plaintiff in hand cuffs and take Plaintiff to his cell on August 25, 2007, at Richard J. Donovan Correctional Facility as alleged in Count 1 of the Complaint.

8. Defendant admits that Plaintiff resisted Officer Williams's attempt to place Plaintiff in hand cuffs and take Plaintiff to his cell on August 25, 2007, at Richard J. Donovan Correctional Facility as alleged in Count 1 of the Complaint.

9. Defendant admits that he struck Plaintiff once on August 25, 2007, at Richard J. Donovan Correctional Facility. Defendant denies that he did so in violation of Plaintiff's Eighth Amendment rights. Defendant struck Plaintiff once on August 25, 2007, at Richard J. Donovan Correctional Facility, in self defense and only after Plaintiff first attacked Defendant by repeatedly striking Defendant with closed fists on August 25, 2007, at Richard J. Donovan Correctional Facility.

//

1  Defendant denies he punched Plaintiff four times on August 25, 2007, at Richard J. Donovan
2  Correctional Facility.

3  　　10.　Defendant denies he used excessive force against Plaintiff as alleged in Count 1 of the
4  Complaint.

5  　　11.　Defendant denies he violated Plaintiff's Eighth Amendment rights as alleged in Count 1
6  of the Complaint.

7  　　12.　Defendant denies the remaining allegations in Count 1 of the Complaint.

8  **D.**

9  **CAUSES OF ACTION – COUNT 2**

10  　　13.　Defendant incorporates paragraphs 1 to 12 as if fully set forth herein.

11  　　14.　Defendant admits that Plaintiff refused to accept a cell mate on August 25, 2007, at
12  Richard J. Donovan Correctional Facility as alleged in Count 2 of the Complaint.

13  　　15.　Defendant admits that Plaintiff refused to "lock up" when Defendant instructed Plaintiff
14  to do so on August 25, 2007, at Richard J. Donovan Correctional Facility as alleged in Count 2 of
15  the Complaint.

16  　　16.　Defendant admits that he ordered Officer Williams to place Plaintiff in hand cuffs and take
17  Plaintiff to his cell on August 25, 2007, at Richard J. Donovan Correctional Facility as alleged in
18  Count 2 of the Complaint.

19  　　17.　Defendant admits that Plaintiff resisted Officer Williams's attempt to place Plaintiff in
20  hand cuffs and take Plaintiff to his cell on August 25, 2007, at Richard J. Donovan Correctional
21  Facility as alleged in Count 2 of the Complaint.

22  　　18.　Defendant admits that he struck Plaintiff once on August 25, 2007, at Richard J. Donovan
23  Correctional Facility. Defendant denies that he did so in violation of Plaintiff's Eighth Amendment
24  rights. Defendant struck Plaintiff once on August 25, 2007, at Richard J. Donovan Correctional
25  Facility, in self defense and only after Plaintiff first attacked Defendant by repeatedly striking
26  Defendant with closed fists on August 25, 2007, at Richard J. Donovan Correctional Facility.
27  Defendant denies he punched Plaintiff four times on August 25, 2007, at Richard J. Donovan
28  Correctional Facility.

19. Defendant denies he used excessive force against Plaintiff as alleged in Count 2 of the Complaint.

20. Defendant denies he violated Plaintiff's Eighth Amendment rights as alleged in Count 2 of the Complaint.

21. Defendant denies the remaining allegations in Count 2 of the Complaint.

### E.
### PREVIOUS LAW SUITS AND ADMINISTRATIVE RELIEF

22. Defendant incorporates paragraphs 1 to 21 as if fully set forth herein.

23. Defendant lacks information and belief as to other lawsuits Plaintiff has filed and on that basis cannot admit or deny the statement in Paragraph D.1 of the Complaint.

24. Defendant denies that Plaintiff has exhausted his administrative remedies. Defendant admits Plaintiff has not exhausted his administrative remedies as alleged in Paragraph D.2 of the Complaint.

### F.
### REQUEST FOR RELIEF

25. Defendant incorporates paragraphs 1 to 24 as if fully set forth herein.

26. Defendant denies he violated Plaintiff's Eighth Amendment rights.

27. Defendant denies Plaintiff is entitled to an injunction.

28. Defendant denies Plaintiff is entitled to compensatory or punitive damages, injunctive relief, attorney's fees, or any other relief. Defendant denies he violated Plaintiff's rights.

### G.
### AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant asserts the following affirmative defenses, as follows:

**First Affirmative Defense**

**(Failure to State Claim)**

29. The Complaint fails to state any claim upon which relief can be granted.

//

**Second Affirmative Defense**

**(Failure of Proof)**

30. Plaintiff has failed to meet his burden of proving each of the required elements of all claims asserted against Defendant.

**Third Affirmative Defense**

**(Failure to Exhaust Administrative Remedies)**

31. Plaintiff's claim is barred by 42 U.S.C. § 1997e(a), in that Plaintiff failed to exhaust his administrative remedies as to the Defendant and/or claims asserted in this action.

**Fourth Affirmative Defense**

**(Qualified Immunity)**

32. Defendant is entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendant's conduct did not violate clearly established law. At all relevant times, Defendant acted within his scope of discretion, with due care, with a good faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulation, and practices, and with the good faith belief that his actions comported with all applicable federal and state laws.

**Fifth Affirmative Defense**

**(Privilege)**

33. Plaintiff's claims are barred because Defendant's actions were privileged under the circumstances.

**Sixth Affirmative Defense**

**(Justification)**

34. Plaintiff's claims are barred because Defendant's actions were reasonable and justified under the circumstances.

//
//
//
//

**Seventh Affirmative Defense**

**(Good Faith)**

35. Plaintiff's claims are barred because Defendant's actions were at all times performed in a good faith effort to comply with established California Department of Corrections and Rehabilitations policies and procedures.

**Eighth Affirmative Defense**

**(Failure to Mitigate)**

36. Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff failed to exercise reasonable diligence and/or behavior to mitigate the nature and extent of his claims and alleged injuries.

**Ninth Affirmative Defense**

**(Punitive Damages)**

37. Plaintiff fails to allege facts sufficient to state a claim for compensatory or punitive damages for any action taken by Defendant in his individual capacity.

**Tenth Affirmative Defense**

**(Rights, Privileges, Immunities)**

38. Defendant denies Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

**Eleventh Affirmative Defense**

**(Collateral Estoppel/Res Judicata)**

39. This action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incidents and/or due to any duplicated federal claims.

**Twelfth Affirmative Defense**

**(Legitimate Penological Goals)**

40. Defendant's actions were reasonably related to advancing legitimate penological goals.

//

//

**Thirteenth Affirmative Defense**

**(No Vicarious Liability)**

41.  Defendant is not liable for damages under any doctrine of vicarious liability, to the extent Defendant's alleged liability is based on his supervising capacity.

**Fourteenth Affirmative Defense**

**(No Recovery for Mental or Emotional Injury)**

42.  Plaintiff is barred by 42 U.S.C. § 1997e(e) from recovering damages for mental or emotional injury.

**Fifteenth Affirmative Defense**

**(Liability for Contributory Conduct)**

43.  Plaintiff's alleged injuries or damages were the result of his own negligent or deliberate actions.

**Sixteenth Affirmative Defense**

**(Reasonableness)**

44.  Defendant acted reasonably under the circumstances.

**Seventeenth Affirmative Defense**

**(*Heck v. Humphry*)**

45.  Plaintiff's claims are barred by *Heck v Humphrey*, 512 U.S. 477 (1994) and *Wilkinson v. Dotson*, 544 U.S. 74 (2005) because a judgment in his favor would necessarily imply the invalidity of the guilty finding of the 115 Serious Rules Violation hearing for Plaintiff's battery of Defendant.

**Eighteenth Affirmative Defense**

**(Reservation of Right to Assert Additional Defenses)**

46.  Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendant reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

//

//

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial before a jury on all issues presented by the Complaint triable to a jury.

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiff;

2. Plaintiff takes nothing by the Complaint;

3. Defendant be awarded costs of suit incurred herein; and

4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

Dated: September 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General

s/Terrence F. Sheehy

TERRENCE F. SHEEHY
Deputy Attorney General
Attorneys for Defendant A. Verkouteren

70135271.wpd
SD2008700625

Answer                                                              Case No. 08-CV-00554 DMS CAB

**CERTIFICATE OF SERVICE BY U.S. MAIL**

Case Name:   **Foster, Richard Lee v. A. Verkouteren**

Case No.:    **08-CV-00554 DMS CAB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 3, 2008, I served the following documents:

**ANSWER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**Manual Notice List**
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

**Richard Lee Foster**
**E-67301**
**Richard J. Donovan Correctional Facility**
**at Rock Mountain**
**P.O. Box 799006**
**San Diego, CA 92179-9006**

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 3, 2008, at San Diego, California.

M.Torres-Lopez
_____          _____
        Declarant                         Signature

SD2008700625
70135408.wpd